UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CR662HEA |
| ) | |
| CORY BRADLEY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on defendant's Motion to Dismiss for Violation of the Speedy Trial Act. [Doc. 47] The government has filed a Response. [Doc. 50] Subsequently, defendant filed a Status Report requesting a trial setting.[1] [Doc. 51]

18 U.S.C. § 3161(c)(1) provides in pertinent part that a trial must commence within seventy (70) days from the date of the defendant's appearance before a federal judicial officer of the court in which a charge is pending (known as the Speedy Trial Act). The statute also provides for periods of delay which must be excluded from the computation of time within which a trial must commence. 18 U.S.C. § 3161(h). In the present case the Speedy Trial Act has not been violated.

Defendant made his initial appearance on 2/24/05. That is the starting date for the running of the speedy trial clock. Four days elapsed, until 2/28/05, when defendant was arraigned and on that date the court gave the parties an Order Concerning Pretrial Motions which stopped the running of the clock. This is based on 18 U.S.C. § 3161(h)(1) which excludes [a]ny period of delay resulting from other proceedings concerning the defendant including but not limited to the exclusions in (A)-(J). See United States v. Wilson, 835 F.2d 1440, 1444-45 (D.C.Cir. 1987); United

---

[1] In his Status Report counsel for defendant acknowledges that the speedy trial clock will not run until May 21, 2006. Although the court is not clear precisely how this calculation was reached, The Honorable Henry E. Autrey has set this case for trial on March 6, 2006 at 9:30 A.M. and this would seem to moot the instant Motion. Nevertheless, the court will consider it on the merits.

States v. Jodoin, 672 F.2d 232, 237-38 (1st Cir. 1982); United States v. Barnes, 909 F.2d 1059, 1064-65 (7th Cir. 1990); United States v. Lewis, 980 F.2d 555, 564 (9th Cir. 1992)  It is true that other circuits have held such time to be excludable if defendant asks for time to prepare motions and some courts have specifically held that such time is not exludable.  The Eighth Circuit has not explicitly addressed the issue, however, the Eighth Circuit has ruled that the "including but not limited to" language of section (h)(1) "creat[es] in the statute the presumption that the scope of the enumerated delays are not to be interpreted narrowly." United States v. Hohn, 8 F.3d 1301-1304 (8th Cir. 1983). The Eighth Circuit has held on several occasions that the time between arraignment and filing motions is excludable. See United States v. Dezeler, 81 F.3d 86, 88 (8th Cir. 1996); United States v. Blakenship, 67 F.3d 673, 675-77 (8th Cir. 1995).

Once a Magistrate Judge has held a hearing on a pending motion and has received all additional submissions required to decide the motions, a period of up to thirty (30) days is excluded time for counting the running of the trial clock.  United States v. Blankenship, 67 F.3d 673, 676 (8th Cir. 1995).  Once the magistrate judge files a Report and Recommendation with the district court, a new thirty day period of exclusion begins to run automatically, because the report and recommendation "in essence serves to re-file the motions, together with the magistrate's study of them, with the district court."  United States v. Long, 900 F.2d 1270, 1275 (8th Cir. 1990).  If objections are filed and the government responds, the thirty day excludable period begins to run on the date all of those submissions have been received. Id.  Therefore, the clock did not begin to run again until 5/19/05 when the district court adopted the Report and Recommendation of the United States Magistrate Judge. 18 U.S.C.§ 3161(h)(1)(F) (delay resulting from the filing of any pretrial motion from the filing of the motion through the conclusion of the hearing, on or other prompt disposition of, such motion) and (h)(1)(J) (a delay reasonably attributable to any period, but not to

exceed thirty days during which any proceeding concerning the defendant is actually under advisement by the court).[2]

On 5/20/05 the court set the trial for 6/6/05; **three days** ran on the clock until 5/23/05 when counsel for defendant moved to continue the trial. The court reset the trial on 9/12/05. 18 U.S.C. § 3161(h)(8)(a). The court made the required "ends of justice" finding. On 9/12/05 the parties appeared for trial but defendant orally moved, *pro se*, to fire his lawyer. The court granted the motion and new counsel was appointed. 18 U.S.C. § 3161(h)(8)(B)(iv). **Three days** ran until 9/15/05 when new counsel filed a Notice of Insanity Defense and a Motion for Psychiatric Examination.[3] This stopped the clock. 18 U.S.C. § 3161(h)(1)(A) (delay from any proceeding, including any examinations to determine the mental competency of physical capacity of the defendant.) The Motion was granted on 9/21/05 and defendant was ordered transported[4] forthwith to a suitable medical facility for the examination.[5]

---

[2] The clock stopped on the date of this court's Order. Defendant filed a pretrial motion on 3/9/05; an evidentiary hearing was set on 3/22/05 but continued at defendant's request. Defendant and his attorney experienced a total failure of confidence and she moved to withdraw on 3/2/05. New counsel was appointed for defendant. He was given time to prepare pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) and the Evidentiary Hearing was held on 4/8/05. The court had thirty days to prepare a Report and Recommendation and the district court had thirty days to consider it after the filing of defendant's objections on 4/23/05. 18 U.S.C. § 3161 (h)(1)(J). The district court adopted the R&R on 5/19/05.

[3] Defendant argues he did not consent to the filing of the notice or Motion for Psychiatric Exam. Nowhere in the statute is defendant's consent for such motion required or contemplated. See 18 U.S.C. § 4241 and § 4242.

[4] Defendant was ordered transported on 9/21/05. He arrived at the Metropolitan Detention Center in Los Angeles, California on October 20, 2005. 18 U.S.C. § 3161(h)(1)(H) provides that any transportation time in excess of ten days is presumed unreasonable. As noted, the Eighth Circuit has held that the "including but not limited to" language creates in the statute the presumption that the scope of the enumerated delays are not to be interpreted narrowly. United States v. Hohn, 8 F.3d 1301, 1304 (8th Cir. 1993). The court finds that the current over-burdening of the Marshals Service with the transportation of prisoners is a fact that rebuts the presumption of unreasonableness for transport of more than ten days. Defendant's transportation time is excludable.

[5] On October 11, 2005 defendant filed the instant Motion which arguably stopped the clock again. However, the clock was already stopped by the pendency of the psychiatric examination.

On February 7, 2006, the court received the psychiatric report of the Metropolitan Detention Center in Los Angeles, California. A hearing pursuant to 18 U.S.C. § 4241 will be held as soon as defendant is returned to the Eastern District of Missouri. The clock will not start to run again until after the hearing and the court's ruling on defendant's competency.

By the court's calculation pursuant to 18 U.S.C. § 3161, only ten days have run on the speedy trial clock. The district court has set the trial for 3/6/06. Therefore, the Speedy Trial Act has not been violated because the trial will take place well within the prescribed time limits.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Dismiss for Violation of the Speedy Trial Act be **DENIED**. [Doc. 47]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  8th  day of February, 2006.