UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:04CR00662 HEA |
| | ) | |
| CORY BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Medler's Order and Recommendation that Defendant Cory Bradley's Motion to Dismiss for Violation of the Speedy Trial Act, [#47] be denied. Defendant Bradley has filed written objections to the Report and Recommendation, objecting "for the record to preserve what, if any rights, of appeal for Mr. Bradley following trial regarding his Fourth, Fifth, Sixth Amendment claims and Speedy Trial Rights." Considering the nebulous nature of Defendant's objection, the Court will construe it as an objection to the Report and Recommendation in its entirety. Therefore, the Court will conduct a *de novo* review of Judge Medler's Report and Recommendation Pursuant to 28 U.S.C. § 636.

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), provides that a trial must commence within seventy (70) days from the date of the defendant's appearance before

a federal judicial officer of the court in which a charge is pending. Periods of delay are also provided for, which must be excluded from the computation of time within which a trial must commence. 18 U.S.C. § 3161(h).

In this case, Defendant Bradley made his initial appearance on February 24, 2005. It was on such date that time began to run for purposes of the Speedy Trial Act. Four days had elapsed when, on February 28, 2005, Defendant was arraigned and the Court issued the parties an Order Concerning Pretrial Motions which stopped the running of the clock. 18 U.S.C. 3161(h)(1) (excludes any period of delay resulting from other proceedings concerning the defendant). While the Eighth Circuit has not explicitly addressed the issue regarding whether such time is to be excludable, it has ruled that the language of 18 U.S.C. 3161(h)(1) creates "the presumption that the scope of the enumerated delays are not to be interpreted narrowly." *United States v. Hohn,* 8 F.3d 1301, 1304 (8th Cir. 1983). The Eighth Circuit has also held that the time between arraignment and filing motions is excludable. *United States v. Dezeler,* 81 F.3d 86, 88 (8th Cir. 1996); *United States v. Blankenship,* 67 F. 3d 673, 675-77 (8th Cir. 1995). The *Blankenship* Court held that should a Magistrate Judge conduct a hearing on pending motions and has received all additional submissions required to decide the motions, a period of up to thirty (30) days is excluded time for counting the running of the clock. *Id.* at 676. Where the Magistrate Judge files a Report and

Recommendation with the district court, a new thirty day period of exclusion begins to run automatically, since the filing "in essence serves to re-file the motions, together with the magistrate's study of them, with the district court." *United States v. Long,* 900 F.2d 1270, 1275 (8th Cir. 1990). If objections are filed and the government responds, the thirty-day excludable period begins to run on the date all of those submissions have been received. *Id.* Thus, Defendant Bradley's speedy trial clock did not begin to run again until May 19, 2005, when this Court adopted Judge Medler's Report and Recommendation that Defendant's motion to suppress evidence be denied. 18 U.S.C. 3161(h)(1)(F) (delay resulting from the filing of any pretrial motion from the filing of the motion through the conclusion of the hearing, or on other prompt disposition of, such motion) and (h)(1)(J) (a delay reasonably attributable to any period, but not to exceed thirty days during which any proceeding concerning the defendant is actually under advisement by the court).

On May 20, 2005, a date for trial was set in this case for June 6, 2005. Three days ran on the clock when on May 23, 2005, Defendant moved to continue the trial setting, which was then reset to September 12, 2005, pursuant to 18 U.S.C. § 3161(h)(8)(A). The parties appeared for trial on that date, but Defendant moved, *pro se*, to fire his lawyer. The motion was granted and new counsel was appointed pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).

Three more days elapsed when, on September 15, 2005, Defendant's new counsel filed a Notice of Insanity Defense and a Motion for Psychiatric Examination. This stopped the running of the clock under 18 U.S.C. § 3161(h)(1)(A) (delay from any proceeding, including any examinations to determine the mental competency or physical capacity of the defendant). On September 21, 2005, the motion was granted, and Defendant Bradley was ordered to be transported to a medical facility for a psychiatric examination.[1]

On February 7, 2006, Judge Medler received the psychiatric report of the Metropolitan Detention Center in Los Angeles, California. A competency hearing pursuant to 18 U.S.C. § 4241 was scheduled for February 14, 2006, then re-set to February 15, 2006 and later vacated because Defendant had not yet returned to the Eastern District of Missouri. Upon Defendant's return to the Eastern District, the hearing was set for and held on February 27, 2006.[2] In an order dated February 28,

---

[1] Defendant was ordered to be transported to a suitable medical facility for a psychiatric examination, and arrived at the Metropolitan Detention Center in Los Angeles, California on October 20, 2005. Section 3161(h)(1)(H) provides that any transportation time in excess of ten days is presumed unreasonable. As stated, *supra*, the Eighth Circuit has ruled that the language of § 3161(h)(1) creates the presumption that the scope of the enumerated delays are not to be interpreted narrowly. *Hohn,* 8 F.3d at 1304. This Court finds that Defendant's transportation time is excludable in light of the over-burdening of the Marshals Service with regard to the transportation of prisoners. This fact rebuts the presumption of unreasonableness for the transportation process lasting more than ten days.

[2] Meanwhile, on October 11, 2005, Defendant had filed the instant motion for violation of the Speedy Trial Act, which would have stopped the clock from running had the clock not already been stopped by the pendency of the psychiatric examination.

2006, Judge Medler found Defendant Bradley competent to stand trial, and the trial date was set for March 6, 2006 before this Court.

At the time of Judge Medler's filing of her Report and Recommendation regarding Defendant's motion to dismiss on February 8, 2006, only ten (10) days had run on the speedy trial clock pursuant to 18 U.S.C. § 3161. Although the trial date has been continued to March 14, 2006 by this Court, the Speedy Trial Act has not been violated, because the trial will take place well within the prescribed time limits.[3] Therefore, the Court adopts Judge Medler's well-reasoned Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cory Bradley's Motion to Dismiss for Violation of the Speedy Trial Act, [#47], is denied.

Dated this 13th day of March, 2006.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**

---

[3]Defendant's counsel filed a motion to withdraw on February 23, 2006 and a second motion to withdraw on March 6, 2006, the pendency of which also stopped the clock. A hearing was held on the matter on March 8, 2006, wherein counsel's motions were granted. Defendant is to represent himself, *pro se*, at trial on March 14, 2006. By this Court's calculations, only six (6) more days will have elapsed by the new trial date under 18 U.S.C. § 3161.